UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

BRANDON SCOTT LAVERGNE        CIVIL ACTION NO. 6:14-2835

VERSUS                        JUDGE HAIK

TRENT BRIGNAC, ET AL.         MAGISTRATE JUDGE HILL

REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne") filed the instant "Constitutional Tort" action on September 26, 2014. Lavergne is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, where he is serving two life sentences imposed in 2012 by the Louisiana Fifteenth Judicial District Court for Lafayette Parish for the murder of Michaela Shunick and Lisa Pate.

In his original "Constitutional Tort" Complaint [rec. doc. 1], Lavergne alleges that in 1999 he was arrested following a complaint that he had attempted to rape a female victim, "N.P." On February 25, 2000, Lavergne plead guilty to aggravated oral sexual battery for which Lavergne was sentenced to ten years imprisonment by the Thirteenth Judicial District Court for Evangeline Parish, Louisiana.

Lavergne complains that at sentencing he was not told that he had to register as a sex offender. In 2008 upon his release from custody, Lavergne was told that he was subject to the Louisiana Sex Offender laws and, accordingly, was required to register and pay "fines and related expenses." Lavergne allegedly complied with these laws from

2008 through July 2012, even though he contends that these laws do not apply to him.[1]
However, on July 5, 2012, Lavergne was arrested for altering his driver's license to conceal the words "sex offender" appearing thereon.

After his arrest, Lavergne was indicted for the murders of Michaela Shunick and Lisa Pate. When he received discovery from this prosecution, Lavergne received a copy of a statement of the victim, N.P., which the State allegedly never disclosed prior to entry of his guilty plea. Lavergne alleges that this statement contained exculpatory and mitigating evidence. Thus, Lavergne alleges that had he seen this statement, he would not have entered a guilty plea to the aggravated oral sexual battery of N.P.

Lavergne names Evangeline Parish District Attorney Trent Brignac, former Evangeline Parish District Attorney Brent Coreil and the Evangeline Parish Sheriff (allegedly Edie Soileau).

By this action, Lavergne seeks the following injunctive relief: (1) an order allowing Lavergne to personally inspect the District Attorney's and Sheriff's Department investigative files for missing exculpatory evidence, (2) an order allowing Lavergne to copy any piece of alleged exculpatory evidence in the presence of a "state representative" who will attest to the source of the evidence; (3) an order vacating petitioner's February

---

[1] Lavergne contends, as he has in prior actions filed in this Court (e.g. 6:13-2189, *Lavergne v. Louisiana State Police*, aff'd, No. 14-30257, 583 Fed. Appx. 363 (5th Cir. 10-24-2014)] that he was not subject to the Louisiana Sex Offender laws because although he was convicted of aggravated oral sexual battery, the criminal statute (La. R.S. 14:43.4) under which he was convicted was repealed in 2001, and the Louisiana Sex Offender laws, as amended in 2006 and 2007, do not expressly cite the former statute as falling within the requirements of the law. He further argues that a 2010 amendment to the law, which expressly states that those convicted under the former statute are subject to the law, cannot be applied to him.

25, 2000 Evangeline Parish conviction for aggravated oral sexual battery based on an alleged *Brady* violation; (4) an order requiring the State to apply the 10 year sentence which Lavergne served on his February 25, 2000 Evangeline Parish conviction for aggravated oral sexual battery as a credit on the time he is currently serving for the murders of Michaela Shunick and Lisa Pate; (5) an order requiring the State to reimburse Lavergne for the "fines and related expenses" he paid from 2008 through 2012 as a result of his compliance with the Louisiana Sex Offender laws, (6) an order requiring the State to expunge any arrests relating to Lavergne's February 25, 2000 Evangeline Parish conviction for aggravated oral sexual battery and non-compliance with the Louisiana Sex Offender laws from Lavergne's record, and (7) an order requiring the State to reimburse Lavergne the money he spent in 1999 to bond out on the aggravated oral sexual battery charge and to retain defense counsel to represent him on that charge. [rec. doc. 1, pgs. 7-8].

By separate Amendment [rec. doc. 6], Lavergne adds the Superintendent of the Louisiana State Police, who Lavergne alleges was in charge of enforcing the Louisiana Sex Offender laws, that resulted in Lavergne's having to "fines and related expenses" from 2008 through 2012, which Lavergne contends constituted an illegal seizure of his property because the law does not apply to him. Accordingly, he seeks an injunction and declaratory relief prohibiting the Superintendent from enforcing the Louisiana Sex Offender law on persons, like him, convicted of aggravated oral sexual battery under the now repealed statute. He also adds Thirteenth Judicial District Judge Gary Ortego and former Judge Larry Vidrine for the sole purpose of obtaining an injunction requiring all

Louisiana State Court Judges to place all District Attorneys under oath to swear that all exculpatory evidence has been turned over to the defense, prior to accepting a guilty plea.

By another separate Amendment to his "Constitutional Tort" Complaint [rec. doc. 7], Lavergne submits a copy of an arrest warrant executed by St. Landry Parish Sheriff's Office Captain J. Craig Ortego, and issued by a St. Landry Parish Judge, alleging that Lavergne failed to comply with the sex offender registration requirements on June 4, 2012. Lavergne again complains that he is not subject to the Louisiana Sex Offender law. Accordingly, he adds Captain Ortego as a defendant in this action because he is Lavergne's "accuser" and requests this Court to review the Constitutionality of this "open charge."

By another separate Amendment [rec. doc. 8], Lavergne submits a copy of the transcript of the January 30, 2003 hearing on his Post-Conviction Application held in the Thirteenth Judicial District Court. Lavergne contends that this transcript, in which Assistant District Attorney Raymond LeJeune testified that no statement of the victim N.P. existed, supports his claim that his conviction should be vacated because the State committed a *Brady* violation , in the absence of which Lavergne would not have plead guilty. He additionally adds Assistant District Attorney LeJuene as a defendant for his having allegedly committed both the claimed *Brady* violation and perjury at the January 30, 2003 hearing.

By further Amendment [rec. doc. 9], Lavergne submits a copy of a transcript a March 5, 2015 hearing on a Motion to Correct Illegal Sentence held in the Thirteenth Judicial District Court. Lavergne contends that this transcript, in which Assistant District

Attorney Marcus Fontenot testified that the defense should have been aware of the existence of the statement of the victim N.P. by virtue of an April 12, 1999 police report given to the defense, supports his claim that his conviction should be vacated because the State committed a *Brady* violation and prosecutorial misconduct. He additionally adds Assistant District Attorney Fontenot as a defendant for his having allegedly committed perjury at the March 5, 2015 hearing.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

### I. Screening

When a prisoner files a civil action against a governmental entity or an officer or employee of a governmental entity, under 28 U.S.C. § 1915A, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *see also* 42 U.S.C. § 1997e(c)(1) (directing the district court to dismiss, on its own motion "any action brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief from a defendant who is immune from such relief." The screening provisions of § 1915A "appl[y] regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis*." *Ruiz*, 160 F.3d at 274.

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaints, Lavergne has set forth specific facts which he claims entitles him to injunctive and declaratory relief, including an order vacating his aggravated oral sexual battery conviction, as well as damages. He has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's claims are subject to dismissal for the reasons which follow.

**II.  *Habeas Corpus* Relief**

By this proceeding, it is clear that Lavergne again attempts to attack his February 25, 2000 conviction for aggravated oral sexual battery for which Lavergne was sentenced to ten years imprisonment by the Thirteenth Judicial District Court for Evangeline Parish, Louisiana.  While couched in terms of injunctive relief, Lavergne expressly requests an order vacating his February 25, 2000 Evangeline Parish conviction for aggravated oral sexual battery based on an alleged *Brady* violation, discovery and related relief. [*See* rec. doc. 1, pg. 7-8; rec. doc. 8].  Such relief is not properly presented in the context of a civil rights action, but rather, must be raised by petition for *habeas corpus* relief.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("the essence of *habeas corpus* is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.");  *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed. 285 (1963) (release from immediate physical imprisonment does not defeat the in "custody" requirement so long as the individual is subject to conditions which significantly confine and restrain his freedom)*;* *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*."); *Land v. Stone*, 442 Fed.Appx. 905, 905, 2011 WL4450088, *1 (5th Cir. 2011) ( injunctive relief in the form of clearing one's record properly sought in *habeas* rather than civil rights proceeding). Therefore, these claims, raised in the context of this "Constitutional Tort" action, must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, even if this Court were to construe the instant action as a petition for

writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254, dismissal would still be appropriate. This court's records demonstrate that Lavergne has filed two previous federal petitions for writ of *habeas corpus* in which he attacked this same conviction and sentence. *Brandon Scott Lavergne v. Warden, C. Paul Phelps Correctional Center*, No. 6:04-cv-1975 (W.D. La. 2004); *Brandon Scott Lavergne v. Louisiana State Penitentiary*, No. 6:14-cv-2502 (W.D. La. 2014).

The first *habea*s petition was denied and dismissed with prejudice on March 24, 2005 because the petition was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).[2] Moreover, Lavergne's appeal of this Court's ruling was dismissed by the United States Fifth Circuit Court of Appeals on June 8, 2005. *Brandon Scott Lavergne v. James Rogers, Warden, C. Paul Phelps Correctional Center*, No. 05-30485 (5th Cir. 6/8/2005) (unpublished).

Lavergne's second *habeas* petition was deemed a second and successive petition filed without authorization from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A), thereby rendering this court without jurisdiction to proceed. Lavergne's appeal of that decision remains pending in the United States Fifth Circuit Court of Appeals under Docket No. 14-31128.

For the reasons stated in this Court's Ruling on his second *habeas* petition (6:14-

---

[2]Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (*per curiam*); *Jacquet v. Cooper,* 2012 WL 2049951, *2 (W.D. La. 2012) (and cases cited therein).

cv-2502, rec. docs. 7 and 9 ), the instant action is likewise unquestionably a "second or successive" *habeas corpus* action filed without authorization from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).³ This Court therefore is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Therefore, the undersigned finds that this petition, insofar as it seeks federal *habeas corpus* relief, should be dismissed.⁴

### III. *Heck v. Humphrey*

---

³The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) *citing Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." *Id. citing Magwood*, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood*, 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.'").

The Fifth Circuit has found that "an application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

⁴ Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred); *See also United States v. Fulton*, - - F.3d - - , 2015 WL 1208061, *2 (5th Cir. 3/16/2015) *citing In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam). To the contrary, a district court may dispose of a petition lacking authorization through dismissal. *Fulton*, - - F.3d - - , 2015 WL 1208061, at *2 *citing United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). In this case, this Court's most recent denial of *habeas corpus* relief is pending review in the Fifth Circuit. Accordingly, under these circumstances, it would serve no purpose for this court to transfer this action to the Fifth Circuit for additional review. Therefore, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

To the extent that Lavergne seeks monetary damages (reimbursement for monies paid for his compliance with the Louisiana Sex Offender laws, bonds to secure his release from custody and attorney fees for his criminal defense), declaratory or injunctive relief in connection with his state criminal proceeding, which resulted in his conviction for aggravated oral sexual battery, his claims are barred under the principles set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

As Lavergne is well aware from the decisions of this Court and the Fifth Circuit on his prior civil rights actions, *Heck* applies to claims for declaratory and injunctive relief as well as damages. *Lavergne v. Clause*, 591 Fed. Appx. 272, 273 (5th Cir. 2015) *citing Clarke v. Stalder,* 154 F.3d 186, 190–91 (5th Cir. 1998) (en banc).  These claims must therefore be dismissed with prejudice. *Id. citing Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).

**IV.  Application of Sex Offender Laws**

Lavergne essentially contends that his arrest by the Louisiana State Police and the outstanding arrest warrant issued by the a St. Landry Parish Judge are unlawful because he was not required to register as a sex offender or to carry a sex offender identification card or license notification because of the alleged repeal of the statute criminalizing aggravated oral sexual battery in 2001 (La. R.S. 14:43.4) and the presumed *ex post facto* application of the Louisiana Sex Offender laws to him because he was convicted of aggravated oral sexual battery prior to the enactment of the law and the 2010 amendment

to the law, expressly clarifying that he is subject to the law.[5] To the extent that these arguments are properly asserted in the context of this civil rights action, the Court will briefly address petitioner's claims.

Lavergne's argument that Louisiana's Sex Offender Laws are unconstitutional as applied to him because they violate the *Ex Post Facto* Clause is without merit. The United States Supreme Court, the Fifth Circuit, this Court and the Louisiana Supreme Court have all rejected such arguments. *See Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003); *Kirschenhunter v. Sheriff's Office, Beauregard Parish*, 165 Fed. Appx. 362 (5th Cir. 2006) *citing Moore v. Avoyelles Correctional Center*, 253 F.3d 870, 872 (5th Cir. 2001); *Birdsong v. Laperouse*, No. 1:06-cv-1037, 2006 WL 3240765 (W.D. La. Oct. 16, 2006) (Kirk, M.J.) (adopted by Drell, J., on Nov. 7, 2006)*; State ex rel Olivieri v. State*, 779 So.2d 735, 749-50 (La. 2001); *See also Huen v, Louisiana*, 2008 WL 1930523 (E.D. La. 2008); *King v. McCraw*, 559 Fed. Appx. 278 (5th Cir. 2014) *citing Hayes v. Tex.,* 370 Fed.Appx. 508 (5th Cir. 2010), *Hall v. Att'y Gen. of Tex.,* 266 Fed. Appx. 355 (5th Cir. 2008) and *Herron v. Cockrell,* 78 Fed. Appx. 429 (5th Cir. 2003).[6]

---

[5] See Acts 2010, No. 400, § 2 amended the Louisiana Sex Offender Registration Law to expressly include persons convicted of aggravated oral sexual battery prior to the repeal of La. R.S. 14:43.4 by Acts 2001, No. 301 which included the conduct criminalized by the former statute under aggravated or forcible rape. *See State v. Graham,* 845 So.2d 416, 418 fn. 2 (La. App. 1st Cir. 2003).

[6] The undersigned notes that the facts and arguments presented in *King v. McCraw* mirror those presented herein, albeit under the Texas Sex Offender Registration Act ("TSORA"). In *King*, the plaintiff plead guilty to a sex offense prior to the enactment of TSORA. Upon enactment, the TSORA did not include the plaintiff's deferred adjudication as a reportable offense. Thereafter the TSORA was amended several times, ultimately including the plaintiff's conviction as a reportable offense. After being released on parole several years later for an unrelated offense, the plaintiff was subjected to the TSORA. He then filed a lawsuit arguing that the TSORA as applied to him violated the *Ex Post Facto* Clause and his Fourteenth Amendment rights to procedural and substantive due process The Fifth Circuit squarely rejected each claim.

Further, any argument based on procedural or substantive due process appears foreclosed by precedent. The Fifth Circuit has held that "[w]hen an individual is convicted of a sex offense, no further process is due before imposing sex offender conditions." *King*, 559 Fed. Appx. at 283 *citing Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010) *citing Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7–8, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003). Moreover, imposing sex offender registration as a condition of parole does not rise to the level of shocking the conscious necessary to state a substantive due process claim. *Id*. at 283 *citing Coleman v. Dretke*, 395 F.3d 216, 224 (5th Cir. 2004) and *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (noting that *Coleman* foreclosed the petitioner's argument that he was deprived of substantive due process by the parole condition that he register as a sex offender and receive therapy under the Texas Sex Offender Registration Act even though he had never been convicted of a sex offense).

Finally, sex offender registration laws do not run afoul of either the Equal Protection Clause or the Double Jeopardy Clause. *Huen*, 2008 WL 1930523, * 2 at fn. 4 *citing Steward v. Folz*, 190 Fed. App'x 476, 479 (7th Cir. 2006), *Johnson v. Terhune*, 184 Fed. App'x 622, 624 (9th Cir. 2006), *Doe v. Moore*, 410 F.3d 1337, 1346-48 (11th Cir. 2005), *Femedeer v. Haun*, 227 F.3d 1244, 1254 (10th Cir. 2000), *Cutshall v. Sundquist*, 193 F.3d 466, 473-76 and 482-83 (6th Cir. 1999) and *Artway v. Attorney General*, 81 F.3d 1235, 1267-68 (3rd Cir. 1996).

For these reasons, there is no Constitutional prohibition against application of the Louisiana Sex Offender laws to Lavergne. His claims are therefore subject to dismissal.

## V. Injunctive Relief Against Louisiana State Court Judges

Lavergne also seeks an injunction in the form of an order mandating that all Louisiana State Court Judges place all District Attorneys under oath, prior to accepting a guilty plea, to swear that all exculpatory *Brady* evidence has been turned over to the defense, presumably to ensure that the guilty plea is knowingly, voluntarily and intelligently entered.

As this Court has previously advised Lavergne, decisions of the United States Supreme Court and interpreting jurisprudence has set forth the Constitutional requirements necessary to ensure that a guilty plea is knowingly, voluntarily and intelligently entered. [*See Lavergne v. Clause*, 6:13-cv-2147, rec. doc. 16, aff'd, *Lavergne v. Clause*, No. 14-30305 (5th Cir. 1/26/15); *see also Lavergne v. Peters*, 6:14-cv-185, rec. doc. 10, aff'd, *Lavergne v. Peters*, No. 14-30369 (5th Cir. 1/26/15)]. The same is true with respect to the disclosure of exculpatory *Brady* evidence. This Court is clearly without authority to impose even greater protections for criminal defendants than those already enumerated by the Court. Moreover, this Court will not mandate how state district judges handle criminal cases which are before them as such decisions are within the sole professional discretion of the Louisiana state court judges. Further, it is not the province of this Court to manage the day to day affairs or practices of elected Louisiana judges. Indeed, this Court has no authority to do so. [*See Id.* (and cases cited therein)].[7]

---

[7] To the extent that Lavergne seeks an injunction on behalf of others, because Lavergne is not a lawyer, he cannot assert this claim for injunctive relief. 28 U.S.C. § 1654; *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021-22 (5th Cir. 1998) (citations omitted); *See also Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979); *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970); Rule 83.2.5 L.R. W.D. La.

Accordingly, this request must be denied.

Based on the above;

**IT IS RECOMMENDED that** this civil rights action be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 22nd day of April, 2015.

_C. Michael Hill_

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE